DAVID v STERNBERG

Docket No. 267833. Submitted July 13, 2006, at Detroit. Decided August
22, 2006. Approved for publication October 10, 2006, at 9:00 a.m.

Jordyn L. David, a minor, by her next friend Andrea David, brought
a medical malpractice action in the Midland Circuit Court against
Lawrence T. Sternberg and others, alleging injuries to her foot
following a bunionectomy. The defendants moved for summary
disposition, arguing that the plaintiff had failed to file an affidavit
of merit with her complaint. The plaintiff moved to amend her
complaint. The court, Thomas L. Ludington, J., granted the
defendants summary disposition and granted the plaintiff's mo-
tion to amend. The plaintiff then filed an amended complaint,
adding a count of ordinary negligence related to the bandaging of
her foot after surgery and the defendants' lack of response to her
complaints of pain and tightness. The defendants again moved for
summary disposition, arguing that the plaintiff's added claim
sounded in medical malpractice, rather than ordinary negligence,
and should be dismissed for failure to file an affidavit of merit. The
court again granted the defendants summary disposition. The
plaintiff appealed.

The Court of Appeals held:

1. While the plaintiff alleged that the defendants failed to
properly apply the bandages, failed to properly clean and change
the dressing, failed to take steps to relieve her pain and loss of
circulation, failed to properly train their staffs, and failed to
respond to the plaintiff's complaints, she asserts on appeal that the
only issue concerns the defendants' failure to respond to her
complaints. Thus, the plaintiff has abandoned all other claims on
appeal.

2. The gravamen of an action is determined by reading the
claim as a whole and looking beyond the procedural label given to
a claim. Contrary to the plaintiff's assertion, the defendants'
responses to the plaintiff's complaints involved medical judgment
and were not within the realm of common knowledge. Because the
plaintiff's allegations raise questions involving medical judgment,
her claim sounds in medical malpractice, not ordinary negligence.

Thus, the trial court did not err by granting the defendants summary disposition on the basis of the plaintiff's failure to file an affidavit of merit.

3. MCL 600.2912d, which requires a plaintiff to file an affidavit of merit to begin a medical malpractice action, is not an unconstitutional infringement on the Supreme Court's rule-making powers. The Supreme Court specifically adopted MCR 2.112(L), which enforces the provisions of MCL 600.2912d.

4. The defendants did not waive the requirement of an affidavit of merit. In fact, the defendants' affirmative defenses placed the plaintiff on notice of the defect in her filing. The fact that the defendants waited until the period of limitations had run before moving for summary disposition did not constitute a waiver of the defense.

5. MCL 600.5851(7) does not violate equal protection by failing to give minors the same two-year extension to file a complaint that MCL 600.5852 gives personal representatives filing wrongful death actions after their letters of authority are issued. Minors and decedents are not similarly situated as litigants.

6. MCL 600.2912d does not violate due process.

Affirmed.

NEGLIGENCE — ORDINARY — MEDICAL MALPRACTICE — COMPLAINTS — AFFIDAVITS OF MERIT.

A complaint cannot avoid the application of the procedural requirements of a medical malpractice action, including the requirement of an affidavit of merit, by couching the cause of action in terms of ordinary negligence; the gravamen of an action is determined by reading the claim as a whole and by looking beyond the procedural labels to determine the exact nature of the claim; allegations that raise questions involving medical judgment sound in medical malpractice rather than ordinary negligence (MCL 600.2912d).

*Skinner Professional Law Corporation* (by *David R. Skinner* and *Staci M. Richards*) for Jordyn L. David.

*Chapman and Associates, P.C.* (by *Ronald W. Chapman, Brian J. Richtarcik,* and *David B. Mammel*), for Lawrence T. Sternberg, D.P.M.

*Garan Lucow Miller, P.C.* (by *David M. Shafer* and *Boyd E. Chapin, Jr.*), for Charlanne Bratton, D.P.M.

*Foley, Baron & Metzger, PLLC* (by *Judith A. Sherman* and *Matthew T. Ajluni*), for Kari Prescott, D.P.M.; Angela Renshaw, D.P.M.; and Genesys Regional Medical Center.

Before: KELLY, P.J., and MARKEY and METER, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting summary disposition in defendants' favor. We affirm.

### I. FACTS

On May 28, 2004, plaintiff filed a complaint alleging medical malpractice by defendants. Plaintiff alleged that on February 15, 2002, she underwent a bunionectomy. On February 18, 2002, plaintiff complained of tightness in the dressing, pain, and an elevated body temperature. On February 22, 2002, the dressing was removed and there was "extreme erythema with signs of prolonged pressure to the heel." Plaintiff alleged that defendants were negligent in not considering orthotics, improperly applying the cast, failing to address plaintiff's complaints of pain, and failing to assess, diagnose, and treat her injury. Plaintiff alleged that, as a result of defendants' negligence, she suffered permanent anatomical and neurological damage to her foot.

Defendants filed motions for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10), arguing that plaintiff had failed to file an affidavit of merit with her claim.[1] Plaintiff responded, stating that the affidavit of merit was inadvertently not stapled to the complaint. Plaintiff also filed a motion to amend the complaint to

---

[1] MCL 600.2912d requires that a complaint alleging medical malpractice be accompanied by an affidavit of merit. *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000).

add a count of ordinary negligence. The trial court entered an order granting the motions for summary disposition and granting plaintiff's motion to amend her complaint.

Plaintiff filed an amended complaint adding an ordinary negligence count, in which she alleged that defendants failed to take the following actions and breached the following duties:

> a. To apply strictures to the leg, ankle and foot of the [plaintiff] in such a way as to not cut off the blood supply to the tissues below the stricture or strictures.
>
> b. To apply such strictures as to not cause the morbid narrowing of some canal or duct of the body.
>
> c. Failure to take steps to relieve the [plaintiff's] pain and loss of circulation when she complained of pain and tightness of dressing.
>
> d. Failure to take steps to protect patient when she informed defendants prior to permanent injury of pain and tightness.
>
> e. Failure to properly train individuals responsible for the proper care, handling and examination of [plaintiff] and to prevent injury to her.
>
> f. To respond to [plaintiff's] complaints of pain in the area below the strictures to determine whether there was adequate blood supply, or, whether there were signs of morbidity to the tissues.
>
> g. Defendants knew of the tightness and complaints of pain and did nothing.
>
> h. Failure to properly clean and change the dressing when the tissue began to die because of the stricture.

Defendants filed another motion for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10), arguing that plaintiff's added claim sounded in medical malpractice, not ordinary negligence, and should be dismissed for failure to file an affidavit of merit. Plain-

tiff responded, arguing that her claim did not involve matters of professional judgment because a jury would not need expert testimony to understand "that a bandage placed too tight is what caused the constriction of blood resulting in necrosis." The trial court entered an order dismissing all counts against all defendants with prejudice.

## II. ANALYSIS

Plaintiff first contends that the trial court erred in granting defendants' motion for summary disposition on the basis of her failure to file an affidavit of merit when she stated a claim of ordinary negligence. It is undisputed that plaintiff failed to file an affidavit of merit with her complaint. Plaintiff's argument on appeal focuses solely on whether the trial court erred in ruling that her claim was a medical malpractice claim rather than an ordinary negligence claim.

We review de novo a trial court's decision on a motion for summary disposition. Because the parties and the trial court relied on matters outside the pleadings, review under MCR 2.116(C)(10) is appropriate. Summary disposition under MCR 2.116(C)(10) is appropriate when there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Driver v Hanley (After Remand)*, 226 Mich App 558, 561-562; 575 NW2d 31 (1997).

It is well established that "[t]he gravamen of an action is determined by reading the claim as a whole," *Simmons v Apex Drug Stores, Inc*, 201 Mich App 250, 253; 506 NW2d 562 (1993), and looking "beyond the procedural labels to determine the exact nature of the claim," *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 NW2d 747 (1987). Our Supreme Court has

held, " '[A] complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence.' " *Dorris v Detroit Osteopathic Hosp Corp,* 460 Mich 26, 43; 594 NW2d 455 (1999), quoting *McLeod v Plymouth Court Nursing Home,* 957 F Supp 113, 115 (ED Mich, 1997).

In *Bryant v Oakpointe Villa Nursing Ctr, Inc,* 471 Mich 411, 422; 684 NW2d 864 (2004), our Supreme Court set forth the "two defining characteristics" of a medical malpractice claim: "First, medical malpractice can occur only ' "within the course of a professional relationship." ' Second, claims of medical malpractice necessarily 'raise questions involving medical judgment.' " (Citations omitted). Accordingly, after ascertaining that the case involves a professional relationship, the next step is determining "whether the claim raises questions of medical judgment requiring expert testimony or, on the other hand, whether it alleges facts within the realm of a jury's common knowledge and experience." *Id.* at 423.

In this case, there is no dispute about whether the case involves a professional relationship. Plaintiff contends that the claim does not raise questions of medical judgment requiring expert testimony; rather, it alleges facts within the realm of a jury's common knowledge and experience. Plaintiff argues that her claim is like the "failure to take steps" claim discussed in *Bryant.* In *Bryant,* the plaintiff alleged that the defendant " '[n]egligently and recklessly fail[ed] to take steps to protect plaintiff's decedent when she was, in fact, discovered on March 1 [1997] entangled between the bed rails and the mattress.' " *Id.* at 430. The Court held:

> This claim sounds in ordinary negligence. No expert testimony is necessary to determine whether defendant's

employees should have taken *some* sort of corrective action to prevent future harm after learning of the hazard. The fact-finder can rely on common knowledge and experience in determining whether defendant ought to have made an attempt to reduce a known risk of imminent harm to one of its charges. [*Id.* at 430-431.]

Plaintiff attempts to draw similarities between the claim of failure to take steps in *Bryant* and her claim in this case. Plaintiff asserts that her claim is not about how the bandage was wrapped, but about defendants' failure to take corrective action despite plaintiff's complaints of pain and fever. Plaintiff also cites the deposition testimony of Dr. Barry Bean, who testified that it is within the common knowledge of a layperson that these types of complaints indicate a cutoff in blood supply and require removal of the bandage.

Plaintiff alleged in her ordinary negligence claim that defendants failed to properly apply strictures to the leg, ankle, and foot, failed to take steps to relieve pain and loss of circulation, failed to properly train their staffs, failed to respond to plaintiff's complaint of pain, and failed to clean and change the dressing. Because plaintiff adamantly asserts that this claim is *only* about defendants' failure to respond to plaintiff's complaints and makes no argument concerning her other claims, we consider plaintiff to have abandoned all claims except the claim that defendants failed to respond to her complaints.[2]

---

[2] Plaintiff states on appeal, "This case has nothing to do with how the bandage was wrapped." Plaintiff also makes no mention of her failure to train claim. Although we do not address these abandoned claims, we note that the proper way to bandage a surgical site clearly requires medical expertise, as does training medical staff regarding bandaging surgical sites, assessing the condition of postsurgical sites, and diagnosing and treating infections.

Because plaintiff's claim raises questions of medical judgment, it is a claim sounding in medical malpractice, not ordinary negligence. According to defendant Charlanne Bratton's deposition testimony, plaintiff underwent surgery on her foot on February 15, 2002. On February 18, 2002, Dr. Bratton removed the outer layers of the surgical dressing and decided not to reapply certain parts of the dressing. On February 22, 2002, Dr. Bratton removed all the layers of the dressing and reapplied some layers more loosely. X-rays were also taken and read at this time. Dr. Bratton assessed plaintiff's condition and determined there was no infection or abnormal microbial growth. On February 25, 2002, Dr. Bratton removed all the dressing and reapplied some layers. At each of these visits, Dr. Bratton determined that there was appropriate capillary fill in the toes and no signs of infection. In all these visits, Dr. Bratton exercised medical judgment in evaluating plaintiff's condition and deciding how to treat her. On the basis of plaintiff's complaint and the record evidence, we conclude that discerning infection, capillary flow, and the postsurgical condition of plaintiff's surgical site and identifying and treating plaintiff's medical condition are not within the realm of common knowledge. Contrary to plaintiff's assertion, defendants' responses to plaintiff's complaints involved medical judgment. This is different from the *Bryant* case, in which the action the defendant failed to take was simply untangling the plaintiff from bedsheets. Because plaintiff's allegations in this case raise questions involving medical judgment, her claim sounds in medical malpractice, not ordinary negligence.

Plaintiff next argues that MCL 600.2912d is unconstitutional because it infringes on the rule-making powers of our Supreme Court, specifically MCR 2.101(A) and (B), which provide that filing a complaint

commences a civil suit. Plaintiff overlooks the fact that our Supreme Court adopted MCR 2.112(L), which provides:

> In an action alleging medical malpractice filed on or after October 1, 1993, each party must file an affidavit as provided in MCL 600.2912d, 600.2912e. Notice of filing the affidavit must be promptly served on the opposing party. If the opposing party has appeared in the action, the notice may be served in the manner provided by MCR 2.107. If the opposing party has not appeared, the notice must be served in the manner provided by MCL 2.105. Proof of service of the notice must be promptly filed with the court.

Because our Supreme Court has adopted a court rule that specifically enforces the provisions of MCL 600.2912d, we cannot conclude that the statute has usurped the Court's rule-making power.

Plaintiff next argues that because defendants were completely informed by plaintiff's timely filing of a notice of intent to sue and are not prejudiced by plaintiff's failure to file an affidavit of merit, the affidavit of merit requirement is merely procedural and should be waived to avoid a Draconian result. Plaintiff also argues that the trial court should have deemed the affidavit of merit requirement waived because defendants were fully informed, plaintiff's claim is not frivolous, discovery has taken place, and defendants waited for the statutory period of limitations to expire before filing their motion for summary disposition. We disagree.

Our Supreme Court has already ruled that compliance with MCL 600.2912d is mandatory and that a complaint filed without it is insufficient to commence a lawsuit. *Scarsella v Pollak,* 461 Mich 547, 553; 607 NW2d 711 (2000). Further, defendants stated in their affirmative defenses that plaintiff failed to file an affi-

davit of merit; therefore, plaintiff was on notice of this defect before defendants filed their motion for summary disposition. Our Supreme Court has held:

> The fact that defendants did not bring their motion for summary disposition until the period of limitations had run does not constitute a waiver of the defense. MCL 600.2912b places the burden of complying with the notice provisions on the plaintiff. . . . Here, defendants specifically raised the statute of limitations and plaintiff's compliance with MCL 600.2912b in their answer and affirmative defenses. Such a direct assertion of these defenses by defendants can by no means be considered a waiver. To the contrary, it was a clear affirmation and invocation of such defenses. Defendants' pleadings were more than sufficient to comply with the requirements of MCR 2.116(D)(2) (requiring the statute of limitations to be raised in the first responsive pleading or in a motion filed before the responsive pleading.) [*Burton v Reed City Hosp Corp,* 471 Mich 745, 754-755; 691 NW2d 424 (2005) (citation omitted).]

Therefore, plaintiff's argument is without merit.

Plaintiff also argues that MCL 600.5851(7) violates constitutional equal protection guarantees because it does not permit minors the same two years' extension that MCL 600.5852 permits from the time letters of authority are issued to personal representatives in wrongful death actions. First, this Court has already addressed the constitutionality of MCL 600.5851 and its treatment of minors stating:

> Clearly, the object of the challenged legislation was to limit the period of time during which health-care providers would be at risk from malpractice suits. In our opinion, the means sought by the Legislature was reasonably related to this objective because of the large number of children receiving health care and the lengthy exposure to malpractice claims that would result in the absence of the enacted limitation period. The state unquestionably has a legitimate interest in securing adequate and affordable health

care for its residents. And it is reasonable to assume that a lessening of exposure to malpractice claims would encourage health-care providers to remain in this state. Plaintiff has failed to show that the classification is arbitrary and does not bear a rational relation to the object of the legislation. [*Bissell v Kommareddi,* 202 Mich App 578, 580-581; 509 NW2d 542 (1993).]

Second, when a statute violates equal protection, "it impermissibly causes similarly situated litigants to be treated differently." *Phillips v Mirac, Inc,* 470 Mich 415, 420; 685 NW2d 174 (2004). We disagree with plaintiff's assertion that minors and decedents are similarly situated litigants. Therefore, we conclude that this issue is also without merit.

Finally, plaintiff contends that MCL 600.2912d violates the due process rights of minors and their attorneys because it " 'arbitrarily bars the actions of victims.' " (Citation omitted.) Again, this Court has already decided that MCL 600.2912d does not violate due process. *Barlett v North Ottawa Community Hosp,* 244 Mich App 685, 694-696; 625 NW2d 470 (2001). Therefore, this issue, too, is without merit.

Affirmed.