# STATE OF MICHIGAN

# COURT OF APPEALS

TRACEY SMITH,

        Plaintiff-Appellant,

v

CRIM FITNESS FOUNDATION,

        Defendant-Appellee.

UNPUBLISHED
February 20, 2018

No. 335988
Genesee Circuit Court
LC No. 16-107606-NZ

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this wrongful termination and defamation action, plaintiff appeals, as of right, an order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). We affirm.

On August 17, 2015, plaintiff began serving as an AmeriCorps VISTA member in two Flint-area schools. Plaintiff's status as an AmeriCorps VISTA member was managed through the Corporation for National and Community Services (CNCS), a federal organization. However, United Way Worldwide, through its local affiliate United Way of Genesee County, oversaw plaintiff's placement on a local level. Additionally, one of defendant's employees, who also served as the community school director at two schools where plaintiff was placed, reported on plaintiff's performance to United Way of Genesee County.

On November 13, 2015, plaintiff was dismissed from her service placement, and placed on administrative leave with pay, pending plaintiff finding another service placement. CNCS sent plaintiff a letter on November 19, 2015, informing her that her placement had been terminated, per United Way Worldwide's request, due to plaintiff's "failure to meet the service hour requirement and communication challenges with partnering site staff members." Plaintiff was officially terminated from the AmeriCorps VISTA program on December 7, 2015.

Acting *in propria persona*, plaintiff filed a complaint alleging wrongful termination, slander, and defamation of character solely against defendant. Plaintiff claimed that despite performing excellent work, she was dismissed from her service placement without being disciplined. Plaintiff alleged that her worksite supervisor, defendant's employee, was "not a very honest individual," and had told fabricated stories about plaintiff's performance to United Way of Genesee County. Further, plaintiff alleged that defendant's employee would initiate "false issues [between herself and plaintiff] at the worksite."

-1-

In lieu of filing an answer, defendant moved, pursuant to MCR 2.116(C)(8), to dismiss plaintiff's complaint on the basis that plaintiff failed to state a claim upon which relief could be granted. Defendant's motion was granted during a hearing on November 14, 2016. An order dismissing plaintiff's complaint, with prejudice, was entered the same day.

Plaintiff now argues that the trial court committed error requiring reversal by dismissing her complaint, with prejudice. This Court reviews a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the pleadings, and should be granted when the complaint is so legally deficient that recovery would be impossible, even if all well-pleaded facts are taken as true and viewed in the light most favorable to the non-moving party. *Id*. at 119. Accordingly, only the pleadings may be considered by the trial court when deciding a motion for summary disposition under MCR 2.116(C)(8). *Id*. at 119-120.

As an initial matter, we note that plaintiff fails to support her claims on appeal with either statutes or case law. In fact, plaintiff does not cite even one statute or case, published or unpublished, in her entire brief on appeal. Indeed, in her brief, plaintiff merely reiterates her conclusory, nonspecific allegations against defendant. An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority." *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 291; 807 NW2d 433 (2011) (citation and quotation marks omitted). Therefore, plaintiff has abandoned her claims on appeal. Regardless, we address plaintiff's claims on the merits, although we do not find them to be persuasive.

Plaintiff first argues that the trial court erroneously dismissed her wrongful termination claim. Plaintiff claims that pursuant to the Flint Community Schools Corps Member Handbook, she should have been disciplined for any wrongdoing prior to being terminated.

However, plaintiff conceded before the trial court that she was not employed by defendant. Rather, plaintiff admitted that CNCS was the only entity with the authority to terminate her status as an AmeriCorps VISTA member.[1] Indeed, plaintiff's claim for wrongful termination rested on the nonlegal theory that "[s]omebody have [sic] to communicate with [CNCS] and give them some negative feedback in order for them to terminate me." Further, it is well established in Michigan jurisprudence that to sustain a wrongful termination action, some employment relationship must have existed. See, for example, *Wurtz v Beecher Metro Dist*, 495 Mich 242, 249-250; 848 NW2d 121 (2014) (a contract employee cannot make a wrongful discharge claim after the contract lapsed because no employment relationship exists); *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 523; 854 NW2d 152 (2014) (when an at-will

---

[1] We note that although plaintiff argues that the Flint Community Schools Corps Member Handbook "confirms" that defendant was "responsible for termination," the Handbook actually states, in no uncertain terms, that "only CNCS reserves the right to remove members from service."

employment relationship is terminated, recovery for wrongful termination is available only upon a showing that discharge was a flagrant violation of public policy).

Michigan courts must look past procedural labels, and instead, determine the gravamen of an action by evaluating plaintiff's claim as a whole. *David v Sternberg*, 272 Mich App 377, 381; 726 NW2d 89 (2006) (citations omitted). Given plaintiff's concession, that she was never employed by defendant, and that likewise, defendant did not have the authority to terminate plaintiff's status as an AmeriCorps VISTA member, the trial court properly granted defendant's motion for summary disposition.

Next, plaintiff argues that the trial court erroneously dismissed her defamation claim. For plaintiff's defamation claim to have survived defendant's motion for summary disposition, plaintiff must have proved the existence of:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication. [*Edwards v Detroit News, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 334058); slip op at 6, quoting *Lakin v Rund*, 318 Mich App 127, 133; 896 NW2d 76 (2016).]

"A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory[.]" *Sarkar v Doe*, 318 Mich App 156, 179 n 13; 897 NW2d 207 (2016) (citation omitted). This Court is required to analyze each "allegedly defamatory statement identified in" the complaint. *Id*. at 179.

Plaintiff failed to plead her defamation claim with the specificity required by Michigan law. In her complaint, plaintiff failed to identify any specific statement, false, defamatory, or otherwise, made by defendant, or by an employee of defendant. Plaintiff specifically claimed her supervisor at her service placements, who was an employee of defendant, was "not a very honest individual," had fabricated stories about plaintiff's work performance, and would initiate "false issues [between herself and plaintiff] at the work sites." Plaintiff alleged that this employee's actions resulted in plaintiff's termination as an AmeriCorps VISTA member.

However, the complaint fails to specifically identify "the exact language that the plaintiff alleges to be defamatory[.]" *Sarkar*, 318 Mich App at 179 n 13. Plaintiff does not articulate what story was fabricated or what "false issue" was initiated that directly resulted in plaintiff's termination. In support of her position, plaintiff cites the November 19, 2015 letter from CNCS, which states that plaintiff had been terminated from her service placement, at the request of United Way Worldwide, due to "[plaintiff's] failure to meet the service hour requirement and communication challenges with partnering site staff members[.]" Plaintiff argues that her service placement supervisor had complained to United Way of Genesee County, who in turn, communicated with United Way Worldwide, who ultimately requested that plaintiff be removed from her service placement. But plaintiff provides no evidence to support her theory that this chain of communication began with defendant, or even existed. Without explicitly stating the who, what, where, and when of her defamation claim, plaintiff cannot meet the specific pleading

-3-

requirements of Michigan law.  Therefore, the trial court did not commit error requiring reversal by summarily dismissing plaintiff's defamation claim, pursuant to MCR 2.116(C)(8).

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro